# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | |
|---|---|
| EVELYN BRADLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:09-00064 |
| v. ) | Judge Nixon / Knowles |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This is a civil action filed pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain judicial review of the final decision of the Commissioner of Social Security finding that Plaintiff was not disabled and denying Plaintiff Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), as provided under the Social Security Act ("the Act"), as amended. The case is currently pending on Plaintiff's Motion for Judgment on the Administrative Record. Docket No. 15. Defendant has filed a Response, arguing that the decision of the Commissioner was supported by substantial evidence and should be affirmed. Docket No. 19.

For the reasons stated below, the undersigned recommends that Plaintiff's Motion for Judgment on the Administrative Record be DENIED, and that the decision of the Commissioner be AFFIRMED.

## I. INTRODUCTION

Plaintiff filed her applications for DIB and SSI on December 13, 2005[1], alleging that she had been disabled since January 1, 2005, due to degenerative disc disease which limits her abilities to sit or stand for long periods of time and to lift things. Docket No. 13, Attachment ("TR"), TR 72, 76, 88. Plaintiff's applications were denied both initially (TR 32, 33) and upon reconsideration (TR 34, 35). Plaintiff subsequently requested (TR 48) and received (TR 1-16) a hearing. Plaintiff's hearing was conducted on August 7, 2008, by Administrative Law Judge ("ALJ") Joan Lawrence. TR 1. Plaintiff and vocational expert ("VE"), Edward Smith, appeared and testified. TR 1-2.

On February 27, 2009, the ALJ issued a decision unfavorable to Plaintiff, finding that Plaintiff was not disabled within the meaning of the Social Security Act and Regulations. TR 30. Specifically, the ALJ made the following findings of fact:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2010.
>
> 2. The claimant has not engaged in substantial gainful activity since January 1, 2005, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. The claimant has the following "severe" impairments: degenerative disc disease at the L5-S1 level with radiation into the left lower extremity; and chronic bronchitis secondary to tobacco abuse (20 CFR 404.1521 *et seq.* and 416.921 *et seq.*).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the

---

[1]Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits on November 30, 2005. TR 24, 32, 33. She amended her applications on June 19, 2006, to change her name. TR 81.

>      listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525, 404.1526, 416.925, and 416.926).
>
> 5.   After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she may only lift/carry up to 20 pounds on an "occasional" basis and up to 10 pounds on a "frequent" basis; she requires a sit/stand option every 15-30 minutes; she should "never" climb ladders, ropes, or scaffolds; and she may "occasionally" climb stairs and ramps, stoop, crouch, crawl, and kneel.
>
> 6.   The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).
>
> 7.   The claimant was born on August 9, 1979, and was 25 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).
>
> 8.   The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).
>
> 9.   Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568 and 416.968).
>
> 10.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).
>
> 11.  The claimant has not been under a disability, as defined in the Social Security Act, from January 1, 2005, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

TR 26-30.

On March 17, 2009, Plaintiff timely filed a request for review of the hearing decision.

TR 20. On April 22, 2009, the Appeals Council issued a letter declining to review the case (TR 17-19), thereby rendering the decision of the ALJ the final decision of the Commissioner. This civil action was thereafter timely filed, and the Court has jurisdiction. 42 U.S.C. §§ 405(g) and 1383(c)(3). If the Commissioner's findings are supported by substantial evidence, based upon the record as a whole, then these findings are conclusive. *Id.*

## II. REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of Record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

## III. CONCLUSIONS OF LAW

### A. Standards of Review

This Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process. *Jones v. Secretary*, 945 F.2d 1365, 1369 (6th Cir. 1991). The purpose of this review is to determine (1) whether substantial evidence exists in the record to support the Commissioner's decision, and (2) whether any legal errors were committed in the process of reaching that decision. *Landsaw v. Secretary*, 803 F.2d 211, 213 (6th Cir. 1986).

"Substantial evidence" means "such relevant evidence as a reasonable mind would accept as adequate to support the conclusion." *Her v. Commissioner*, 203 F.3d 388, 389 (6th Cir. 1999) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Substantial evidence" has been further quantified as "more than a mere scintilla of evidence, but less than a preponderance." *Bell v. Commissioner,* 105 F.3d 244, 245 (6th Cir. 1996) (*citing Consolidated Edison Co. v. N.L.R.B.,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)).

The reviewing court does not substitute its findings of fact for those of the Commissioner if substantial evidence supports the Commissioner's findings and inferences. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). In fact, even if the evidence could also support a different conclusion, the decision of the Administrative Law Judge must stand if substantial evidence supports the conclusion reached. *Her*, 203 F.3d at 389 (*citing Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). If the Commissioner did not consider the record as a whole, however, the Commissioner's conclusion is undermined. *Hurst v. Secretary*, 753 F.2d 517, 519 (6th Cir. 1985) (*citing Allen v. Califano,* 613 F.2d 139, 145 (6th Cir. 1980) (*citing Futernick v. Richardson,* 484 F.2d 647 (6th Cir. 1973))).

In reviewing the decisions of the Commissioner, courts look to four types of evidence: (1) objective medical findings regarding Plaintiff's condition; (2) diagnosis and opinions of medical experts; (3) subjective evidence of Plaintiff's condition; and (4) Plaintiff's age, education, and work experience. *Miracle v. Celebrezze*, 351 F.2d 361, 374 (6th Cir. 1965).

## B.  Proceedings At The Administrative Level

The claimant carries the ultimate burden to establish an entitlement to benefits by proving his or her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "Substantial gainful activity" not only includes previous work performed by Plaintiff, but also, considering Plaintiff's age, education, and work experience, any other relevant work that exists in the national economy in significant numbers regardless of whether such work exists in the immediate area in which Plaintiff lives, or whether a specific job vacancy exists, or whether Plaintiff would be hired if he

or she applied.  42 U.S.C. § 423(d)(2)(A).

At the administrative level of review, the claimant's case is considered under a five-step sequential evaluation process as follows:

> (1)  If the claimant is working and the work constitutes substantial gainful activity, benefits are automatically denied.
>
> (2)  If the claimant is not found to have an impairment which significantly limits his or her ability to work (a "severe" impairment), then he or she is not disabled.
>
> (3)  If the claimant is not working and has a severe impairment, it must be determined whether he or she suffers from one of the "listed" impairments[2] or its equivalent.  If a listing is met or equaled, benefits are owing without further inquiry.
>
> (4)  If the claimant does not suffer from any listing-level impairments, it must be determined whether the claimant can return to the job he or she previously held in light of his or her residual functional capacity (e.g., what the claimant can still do despite his or her limitations).  By showing a medical condition that prevents him or her from returning to such past relevant work, the claimant establishes a *prima facie* case of disability.
>
> (5)  Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner to establish the claimant's ability to work by proving the existence of a significant number of jobs in the national economy which the claimant could perform, given his or her age, experience, education, and residual functional capacity.

20 C.F.R. §§ 404.1520, 416.920 (footnote added).  *See also Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

The Commissioner's burden at the fifth step of the evaluation process can be satisfied by relying on the medical-vocational guidelines, otherwise known as "the grid," but only if the

---

[2]The Listing of Impairments is found at 20 C.F.R., Pt. 404, Subpt. P, App. 1.

6

claimant is not significantly limited by a nonexertional impairment, and then only when the claimant's characteristics identically match the characteristics of the applicable grid rule. Otherwise, the grid cannot be used to direct a conclusion, but only as a guide to the disability determination. *Id.* In such cases where the grid does not direct a conclusion as to the claimant's disability, the Commissioner must rebut the claimant's *prima facie* case by coming forward with particularized proof of the claimant's individual vocational qualifications to perform specific jobs, which is typically obtained through vocational expert testimony. *See Varley v. Secretary*, 820 F.2d 777, 779 (6th Cir. 1987).

In determining residual functional capacity for purposes of the analysis required at stages four and five above, the Commissioner is required to consider the combined effect of all the claimant's impairments; mental and physical, exertional and nonexertional, severe and nonsevere. *See* 42 U.S.C. § 423(d)(2)(B).

### C. Plaintiff's Statement Of Errors

Plaintiff contends that the ALJ erred in: (1) characterizing Dr. Clapp's June 25, 2007 letter as a medical source statement; (2) relying on a consultative examiner's opinion; (3) failing to mention Plaintiff's referral to a neurosurgeon and failing to discuss Dr. Clapp's post-June 25, 2007 treatment notes; and (4) discounting the credibility of Plaintiff's subjective complaints of pain. Docket No. 16. Accordingly, Plaintiff maintains that, pursuant to 42 U.S.C. § 405(g), the Commissioner's decision should be reversed, or in the alternative, remanded. *Id.*

Sentence four of § 405(g) states as follows:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. §§ 405(g), 1383(c)(3).

"In cases where there is an adequate record, the Secretary's decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). Furthermore, a court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits. *Faucher v. Secretary*, 17 F.3d 171, 176 (6th Cir. 1994). *See also Newkirk v. Shalala*, 25 F.3d 316, 318 (1994).

**1. June 25, 2007 Letter from Dr. Clapp, Plaintiff's Treating Physician**

Plaintiff argues that the ALJ incorrectly states that Plaintiff's treating physician, Dr. Clapp, completed a medical source statement, because that document was actually a letter (not a proper medical source statement/opinion) dated June 25, 2007 that did not reference work capacity on an eight hour schedule. Docket No. 16.

Defendant responds that the June 25, 2007 letter from Dr. Clapp constitutes a proper medical opinion, as the Regulations explain that medical opinions are statements from physicians, psychologists, or other acceptable medical sources, that reflect judgments about the nature and severity of an individual's impairments, including symptoms, diagnosis, prognosis, and resultant physical or mental restrictions. Docket No. 19, *citing* 20 C.F.R. §§ 404.1527(a)(2) and 416.927(a)(2).

The June 25, 2007 letter from Dr. Clapp at issue is a statement regarding Plaintiff's "restrictions on job qualifications." TR 299. The letter provides Dr. Clapp's professional opinion that Plaintiff can work if she is restricted to lifting up to fifteen pounds and has the

8

option to sit and stand at leisure. *Id.* Despite Plaintiff's argument to the contrary, Dr. Clapp's June 25, 2007 letter met the functional criteria for a medical source statement: it was submitted to the Social Security Agency by an individual medical source, and it reflected the medical source's opinion based upon his or her own records and examination of the individual about whom the statement was made. *See* 20 C.F.R. §§ 404.1527(a)(2) and 416.927(a)(2). Because Dr. Clapp's June 25, 2007 letter met the functional criteria for a medical source statement, the ALJ was correct in characterizing it as such. Accordingly, Plaintiff's argument on this point fails.

**2. Consultative Examiner's Opinion**

Plaintiff argues that the ALJ incorrectly found that the February 15, 2006, opinion of consultative examiner, Dr. Blevins, indicated that Plaintiff retained the residual functional capacity to perform a reduced range of light work, because Dr. Blevins opined, *inter alia*, that Plaintiff could work only six hours per day. Docket No. 16. As best the Court can discern, Plaintiff seems to argue that any reliance the ALJ placed on this opinion constitutes reversible error, since Dr. Belvins opined that Plaintiff could work less than full-time. *Id.*

Defendant essentially responds that the ALJ considered the record as a whole, and did not rely on any one piece of evidence. Docket No. 19.

The ALJ in the case at bar determined that Plaintiff retained "the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she may only lift/carry up to 20 pounds on an 'occasional' basis and up to 10 pounds on a 'frequent' basis; she requires a sit/stand option every 15-30 minutes; she should 'never' climb ladders, ropes, or scaffolds; and she may 'occasionally' climb stairs and ramps, stoop, crouch, crawl, and

kneel." TR 26-27. As support for that finding, the ALJ stated:

> These residual functional capacity limitations are supported by the letter dated October 27, 2005, from Dr. Jestus, the claimant's treating neurosurgeon, wherein he indicates that she can return to her past relevant work as a general laborer, a job the impartial vocational expert testifies is heavy in exertion and unskilled [TR140]. The limitation to a reduced range of light work is also supported by the medical source statement from Dr. Clapp, the claimant's treating general internist [TR 299]. In his medical source statement Dr. Clapp maintained that the claimant can lift up to 15 pounds, and requires a sit/stand option at her leisure [*Id.*]. The consultative physician, an examining source, similarly indicated that the claimant has the residual functional capacity to perform a reduced range of light work, and his residual functional capacity limitations are in keeping with the established residual functional capacity assessment [TR 188-196]. The restriction to a decreased range of light work is additionally supported by the medical source statement from the State agency medical consultant, a non-examining source who reviewed much of the medical evidence of record [TR 197-204]. The State agency medical consultant opined that the claimant can perform light exertional work providing she "never" climbs ladders, ramps, or scaffolds, and only "occasionally" climbs stairs and ramps, stoops, crouches, crawls, and kneels [*Id.*].

TR 27.

As can be seen, the ALJ cites records from four different physicians (Drs. Jestus, Clapp, Blevins, and Hancock) as support for her RFC determination. The ALJ did not rely on any one of the opinions discussed. Accordingly, Plaintiff's argument fails.

### 3. Dr. Clapp's Referral of Plaintiff to Dr. Rosenthal and Post-June 25, 2007 Treatment Notes

Plaintiff also argues that the "ALJ does not mention in the opinion the subsequent referral by Dr. Clapp to Neurosurgeon Rosenthal nor Dr. Clapp's follow up treatment notes," such that "the ALJ's reliance on Dr. Clapp's letter dated 7/27/2007 [*sic*] is clearly contrary to the evidence since it was prepared over a year earlier and before the referral to Neurosurgeon Rosenthal."

10

Docket No. 16.

Defendant responds that the ALJ's failure to mention Dr. Clapp's 2008 referral of Plaintiff to Dr. Rosenthal constitutes harmless error because Dr. Rosenthal's evaluation actually supports the conclusion of the ALJ. Docket No. 19.[3]

As an initial matter, Plaintiff is incorrect in her assertion that the ALJ relied on Dr. Clapp's opinion expressed in the June 25, 2007 letter in making her determination that Plaintiff was not disabled under the Act and Regulations. As has been discussed above, the ALJ in the case at bar discussed, *inter alia*, the opinions of Drs. Clapp, Jestus, Blevins, and Hancock, and determined that the evidence of record consistently demonstrated that Plaintiff could perform light work with additional limitations. TR 27, 28. Plaintiff's argument that the ALJ relied upon Dr. Clapp's June 25, 2007 letter is unsupported by the ALJ's articulated rational.

Moreover, Plaintiff is likewise incorrect that the ALJ failed to mention Dr. Clapp's post-June 25, 2007 treatment notes. The ALJ, twice in her opinion, cited Exhibit 8F. TR 28. Exhibit 8F is Plaintiff's medical records through June 23, 2008 from Fentress Family Practice, the practice where Dr. Clapp treated Plaintiff. *See* Docket No. 13, Table of Contents; TR 307-384. Dr. Clapp's treatment notes through June 23, 2008 are included in Exhibit 8F. *See* TR 307-384.

With regard to Plaintiff's argument that the ALJ failed to mention Dr. Clapp's referral of Plaintiff to Dr. Rosenthal, Dr. Clapp's referral of Plaintiff to Dr. Rosenthal, as well as Dr. Rosenthal's findings as reported in an April 3, 2008 letter to Dr. Clapp, are included in the records of Exhibit 8F. *See* TR 321-322. Accordingly, they are referenced by the ALJ in her

---

[3]Defendant's brief does not respond to Plaintiff's argument that the ALJ failed to mention Dr. Clapp's post-June 25, 2007 treatment notes.

11

decision.

To the extent that Plaintiff means to argue that the ALJ erroneously failed to discuss in detail Dr. Rosenthal's opinion, the ALJ's failure to do so would constitute harmless error, as Dr. Rosenthal's opinion actually supports the ALJ's determination.

Dr. Rosenthal examined Plaintiff on April 3, 2008. TR 321. Dr. Rosenthal reported that, although Plaintiff's February 21, 2008 MRI revealed post-operative changes at L5-S1 in Plaintiff's spine,

> On physical examination, ... Extraocular muscles are full. Active range of motion of the cervical spine is full. There is slight tenderness on palpation of the lumbar paraspinous muscles. Motor strength is 5/5 to the biceps, triceps, iliopsoas, dorsiflexors, and plantar flexors. Deep tendons reflexes are trace to the upper extremities and hyperreflexic to the lower extremities. The Babinski signs are equivocal to the right and left. The gait is stable. The patient can briefly walk on her heels and toes.

TR 322.

Dr. Rosenthal characterized Plaintiff's examination as "unrevealing." *Id.* He noted that there was "no disc herniation to produce any significant nerve root compression," and recommended conservative measures including exercise and physical therapy. *Id.*

Dr. Rosenthal's findings are consistent with, and supportive of, the evidence of record and the ALJ's decision. The ALJ's failure to discuss his evaluation in detail does not result in an unfair prejudice to Plaintiff, as the record is replete with substantial evidence (including Dr. Rosenthal's records) supporting the ALJ's decision. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). Plaintiff's argument fails.

**4. Subjective Complaints of Pain**

Plaintiff contends that in finding that her subjective complaints were not fully credible,

the ALJ disregarded "clear objective evidence" supporting Plaintiff's complaints of pain. Docket No. 16.

Defendant responds that the ALJ properly evaluated Plaintiff's credibility, and that substantial evidence exists for the ALJ's conclusion that Plaintiff's testimony was not supported by the objective medical evidence of the record. Docket No. 19.

The Sixth Circuit has set forth the following criteria for assessing a plaintiff's allegations of pain:

> [S]ubjective allegations of disabling symptoms, including pain, cannot alone support a finding of disability...[T]here must be evidence of an underlying medical condition *and* (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition *or* (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

*Duncan v. Secretary*, 801 F.2d 847, 853 (6th Cir. 1986) (*quoting* S. Rep. No. 466, 98th Cong., 2d Sess. 24) (Emphasis added); *see also* 20 C.F.R. §§ 404.1529, 416.929 ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled...."); and *Moon v. Sullivan*, 923 F.2d 1175, 1182-83 ("[T]hough Moon alleges fully disabling and debilitating symptomology, the ALJ, may distrust a claimant's allegations...if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other."). Moreover, "allegations of pain...do not constitute a disability unless the pain is of such a debilitating degree that it prevents an individual from engaging in substantial gainful activity." *Bradley v. Secretary*, 862 F.2d 1224, 1227 (6th Cir. 1988).

When analyzing the claimant's subjective complaints of pain, the ALJ must also consider the following factors and how they relate to the medical and other evidence in the record: the

13

claimant's daily activities; the location, duration, frequency and intensity of claimant's pain; the precipitating and aggravating factors; the type, dosage and effect of medication; and the other treatment or measures to relieve pain. *See Felisky v. Bowen*, 35 F.3d 1027, 1039 (6th Cir. 1994) (*construing* 20 C.F.R. § 404.1529(c)(2)). After evaluating these factors in conjunction with the evidence in the record, and by making personal observations of the claimant at the hearing, an ALJ may determine that a claimant's subjective complaints of pain and other disabling symptoms are not credible. *See, e.g., Walters v. Commissioner,* 127 F.3d 525, 531 (6th Cir. 1997); *Blacha v. Secretary*, 927 F.2d 228, 230 (6th Cir. 1990); and *Kirk v. Secretary,* 667 F.2d 524, 538 (6th Cir. 1981).

In the instant case, the ALJ discussed Plaintiff's testimony that she had a history of progressive back pain with radiation into her left lower extremity, that she had undergone surgery for a herniated disc in August 2005, but had not obtained good results from that surgery, and that she continued to experience persistent back pain affecting her lower extremities and her ability to walk, sit, and stand for any length of time. TR 27-28. The ALJ also discussed Plaintiff's testimony that she could lift five pounds, stand for ten to fifteen minutes at a time, and walk a distance of fifty feet before needing to rest, as well as her complaints of regular muscles spasms in her back, left leg, and neck. TR 28. The ALJ considered Plaintiff's report that she had to lie down four hours per day to relieve her back and leg pain. *Id.* The ALJ additionally acknowledged that Plaintiff took pain medication without experiencing side effects, suffered from recurrent bronchitis as a result of cigarette smoking, and spent her days watching her two-year old son and playing games with him. *Id.*

With regard to the objective medical evidence, as has been analyzed above, the ALJ

properly discussed the records and opinions, *inter alia*, of Drs. Clapp, Jestus, Blevins, and Hancock. TR 27-29.

After considering the medical and testimonial evidence of record, the ALJ opined that "the degree of the claimant's complaints of back and left leg pain and numbness tend to be outweighed by her ability to watch her two-year old son every day and play games with him." TR 29. The ALJ's decision properly discusses Plaintiff's "activities; the location, duration, frequency and intensity of claimant's pain; the precipitating and aggravating factors; the type, dosage and effect of medication; and the other treatment or measures to relieve pain." *Felisky*, 35 F.3d at 1039 (*construing* 20 C.F.R. § 404.1529(c)(2)). It is clear from the ALJ's detailed articulated rationale that, although there is evidence which could support Plaintiff's claims, the ALJ chose to rely on medical findings that were inconsistent with Plaintiff's allegations. This is within the ALJ's province.

The ALJ, when evaluating the entirety of the evidence, is entitled to weigh the objective medical evidence against Plaintiff's subjective claims of pain and reach a credibility determination. *See, e.g., Walters,* 127 F.3d at 531; and *Kirk v. Secretary,* 667 F.2d 524, 538 (6th Cir. 1981). An ALJ's findings regarding a claimant's credibility are to be accorded great weight and deference, particularly because the ALJ is charged with the duty of observing the claimant's demeanor and credibility. *Walters,* 127 F.3d at 531 (*citing Villarreal v. Secretary,* 818 F.2d 461, 463 (6th Cir. 1987)). Discounting credibility is appropriate when the ALJ finds contradictions among the medical reports, the claimant's testimony, the claimant's daily activities, and other evidence. *See Walters*, 127 F.3d at 531 (*citing Bradley,* 682 F.2d at 1227; *cf King v. Heckler*, 742 F.2d 968, 974-75 (6th Cir. 1984); and *Siterlet v. Secretary*, 823 F.2d 918, 921 (6th Cir.

1987)). If the ALJ rejects a claimant's testimony as not credible, however, the ALJ must clearly state the reasons for discounting a claimant's testimony (*see Felisky*, 35 F.3d at 1036), and the reasons must be supported by the record (*see King*, 742 F.2d at 975).

After assessing all the objective medical evidence, the ALJ determined that "the claimant's medically determinable impairments could reasonably be expected to cause her alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." TR 28. As has been noted, this determination is within the ALJ's province.

The ALJ observed Plaintiff during her hearing, assessed the medical records, and reached a reasoned decision; the ALJ's findings are supported by substantial evidence and the decision not to accord full credibility to Plaintiff's allegations was proper. Therefore, this claim fails.

## IV.  RECOMMENDATION

For the reasons discussed above, the undersigned recommends that Plaintiff's Motion for Judgment on the Administrative Record be DENIED, and that the decision of the Commissioner be AFFIRMED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of

service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                           _____
                                           E. CLIFTON KNOWLES
                                           United States Magistrate Judge